UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-372-MOC-WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| PARDEE UNC HEALTHCARE, ) | |
| SOUTHEASTERN SPORTS ) | |
| MEDICINE AND ORTHOPEDIC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3).

### I. BACKGROUND

Pro se Plaintiff Melvin Richard Robinson, III, a North Carolina resident, filed this action on December 14, 2020, naming as Defendants Pardee UNC Healthcare and Southeastern Sports Medicine and Orthopedic, alleging that Defendants have violated Title III of the Americans with Disabilities Act.

### II. STANDARD OF REVIEW

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that he receives a weekly income of $146 for unemployment benefits and that he has $300 in cash or in a financial account. (Doc. No. 2 at 1–2). He also asserts that he has $30,000 in medical bills, $15,000 in credit card bills, and $20,000 in mortgage debt. (Id. at 2). The Court

1

is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., to address the problems faced by persons with disabilities in accessing public facilities, employment, and transportation services. The ADA itself has five titles, three of which are meant to eliminate, in a distinct area, discrimination against persons with disabilities. Relevant here, Title III addresses discrimination in public accommodations and services operated by private entities. The section in Title III addressing services operated by private entities (such as Defendants here) requires private entities to make public accommodations accessible to persons with disabilities. See 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

leases (or leases to), or operates a place of public accommodation.").

In support of his ADA claim, which he describes as an "ADA Title 3 Communication Violation," Plaintiff alleges the following:

> Dr. Guram, Dr. Rudins, and staff didn't notify my law firm or representation of the major changes in my injury diagnosis resulting in tainted insurance claims and loss of Social Security Disability insurance while destroying my Social Security Disability Retirement benefits and leaving me with an untreated spinal and head injury. . . . [and] by not letting my law firm know of the major injury changes when I have concussion syndrome. I've lost over 20 years of Medicare services and my Social Security retirement is destroyed due to the doctors changing my injuries without using the proper chain of communication according to title 3 of the ADA; communication.

(Doc. No. 1 at 2). Plaintiff seeks damages of "$20 million for switching my injuries in violation of title 3 ADA." (Id.). The factual allegations in Plaintiff's Complaint fail to state a cognizable claim for a violation of Title III of the ADA. The Court will, therefore, dismiss this action without prejudice.

### IV. CONCLUSION

In sum, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice for failure to state a claim.

2. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED** as moot.

Signed: January 9, 2021

Max O. Cogburn Jr.
United States District Judge