IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00372-MOC-WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PARDEE UNC HEALTHCARE and ) <br> SOUTHEASTERN SPORTS MEDICINE ) <br> AND ORTHOPEDIC ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

This matter is before the Court on Plaintiff's motion to "Remove of Judge Metcalf, False Statements Causing Harm, Irreversibly Damage," which the undersigned construes as being a motion to recuse (the "Motion to Recuse," Doc. 10).[1]

I. Relevant Background

A. First Case

On January 31, 2020, Plaintiff, proceeding *pro se*, filed a Complaint naming "Brickton Village HOA (Lauren Koons)" and "LM Property" as the

---

[1] Ruling on the Motion to Recuse by Order, rather than through the filing of a Memorandum and Recommendation, is appropriate. See Cleveland v. South Carolina, No. 8:17-cv-02922-RBH, 2017 WL 6498164, at *1 (D.S.C. Dec. 19, 2017)(motion to recuse magistrate judge and district judge considered a nondispositive matter); Kiser v. Ferris, No. 2:04–1214, 2009 WL 1770084, at *1 (S.D. W. Va. June 16, 2009)(recognizing a motion to recuse is a nondispositive matter).

defendants and seeking to assert claims for alleged violations of the Fair Housing Act. No. 1:20-cv-00030-MR-WCM, United States District Court, Western District of North Carolina (the "First Case"). The Honorable Martin Reidinger, Chief District Judge, is the presiding judicial officer for that case. The undersigned has been assigned as the referral magistrate judge.

On September 25, 2020, the undersigned entered a Memorandum and Recommendation recommending that a motion to dismiss by the defendants be granted and that the First Case be dismissed. First Case, Doc. 18. Plaintiff's objections to that recommendation were overruled on December 30, 2020, and judgment was entered that same day. First Case, Docs. 22 & 23.

On January 7, 2021, Plaintiff filed a "Motion to Amend Due to Case Dismissed." First Case, Doc. 24. Plaintiff also filed a Notice of Appeal. Doc. 25.

On February 9, 2021, Plaintiff filed a second "Motion to Amend Due to Case Dismissed." First Case, Doc. 32.

On May 14, 2021, the undersigned issued a Memorandum and Recommendation recommending that both motions to amend be denied. First Case, Doc. 40.

On May 19, 2021, Plaintiff filed a document entitled "REQUEST TO REMOVE JUDGE (sic) METCAL--REQUEST FOR A TIME EXTENSION DUE TO INJURIES AND A SCHEDULED CAR ACCIDENT (sic) TRAIL IN WEST PALM BEACH. I CAN ONLY FUNCTION 10-15 HOURS A WEEK

AND CAN GIVE THE COURT ANY DOCUMENTS TO PROVE MY DISABILITIES AND NEEDED EXTENDED TIME." First Case, Doc. 41. That motion, which appears at least in part to be an objection to the May 14, 2021 Memorandum and Recommendation, is currently pending before the District Court.

### B. Second Case

On December 14, 2020, Plaintiff, proceeding *pro se*, filed the instant action. Doc. 1, the "Second Case." The Honorable Max O. Cogburn, Jr, District Judge, is the presiding judicial officer. The undersigned has been assigned as the referral magistrate judge.

On January 11, 2021, following an initial review, the District Court entered an Order that, among other things, dismissed Plaintiff's Complaint without prejudice. Doc. 4. A judgment was entered the same day. Doc. 5.

Plaintiff filed a notice of appeal on February 2, 2021. Doc. 6.

In an unpublished per curiam opinion issued on May 3, 2021, the Fourth Circuit dismissed Plaintiff's appeal and remanded the case. Doc. 9.

Plaintiff filed the Motion to Recuse on May 20, 2021.

## II. Discussion

In pertinent part, 28 U.S.C. § 455 provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any

> proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

The standard set out in §455(a) is analyzed "objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality." Jones v. Hill, No. 1:13–cv–328–MR–DLH, 2014 WL 1155439, at *2 (W.D.N.C. March 21, 2014) (citing United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003)). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." Rosenberg v. Currie, No. 0:10–1555–DCN–PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir.1990)); see also United States v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998) ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)).

"Bias or prejudice must be proven by compelling evidence," Jones, 2014 WL 1155439, at *2 (citing Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000)), and should be "extrajudicial or personal in nature, and which results in an opinion based on something other than what was learned from

4

the judge's participation in the case." Jones, 2014 WL 1155439 at * 2 (citing Lindsey v. City of Beaufort, 911 F.Supp. 962, 967-68 (D.S.C.1995)). Recusal is not warranted "if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases....'" Farmer v. United States, Nos. 5:10–CR–271–FL–3, 5:12–CV–725–FL, 2013 WL 3873182, at *2–3 (E.D.N.C. July 25, 2013) (quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir.1984)); see also Sturdivant v. Kone Inc., No. 3:09cv224-RJC-DSC, 2010 WL 335586, at *1 (W.D.N.C. Jan. 28, 2010) ("Unfavorable rulings to one party, with nothing more, are not grounds for recusal"); Neville v. McCaghren, NO. 1:20-cv-00020-MR-WCM, NO. 1:20-cv-00065-MR-WCM, 2020 WL 5650416, at *2 (W.D.N.C. Aug. 24, 2020) (denying motion to recuse based on "conclusory allegations based entirely on the Court's rulings in this case as evidence of the Court's bias against him").

Until now. the undersigned has not entered any Orders or taken any action in the Second Case and Plaintiff has not identified any alleged source of bias or prejudice. Rather, Plaintiff's Motion to Recuse appears to be based entirely on the undersigned's rulings in the First Case. Recusal is not appropriate on this basis.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to "Remove of Judge Metcalf, False Statements Causing Harm, Irreversibly Damage," which the undersigned construes as a motion to recuse (Doc. 10) is **DENIED**.

Signed: June 7, 2021

W. Carleton Metcalf
United States Magistrate Judge