UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-372-MOC-WCM

Melvin Richard Robinson, III,

                    Plaintiff,

        vs.

South Eastern Sports Medicine; Pardee
Hospital; and UNC Health System,

                    Defendants.

**Defendants' Amended Joint Brief in
Support of Motion to Dismiss**

Defendants Henderson County Hospital Corporation d/b/a Pardee Hospital ("Pardee Hospital") and Southeastern Sports Physician Services, PLLC ("Southeastern") (collectively, "these Defendants") jointly submit this Brief in support of their Motion to Dismiss for Lack of Jurisdiction and Failure to Serve.[1] This joint brief by these Defendants amends Southeastern's original brief in support of its motion to dismiss filed on January 26, 2022. [D.E. 29.]

## Background

Mr. Robinson filed his *Complaint* (ECF 1) on December 14, 2020. His *Complaint* says nothing about his state citizenship; however, it gives a North Carolina mailing address:

---

[1] In support of these Defendants' motion in the alternative for a more definite statement, Defendants have little to say. The difficulty of "fram[ing] a responsive pleading" is obvious from the face of the *Amended Complaint*. *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 823 (4th Cir. 1973). Putting aside the unorthodox numbering scheme, the combination of many assertions in a single numbered paragraph, and the omission of key jurisdictional and substantive allegations, the *Amended Complaint* is vague in many respects. To give just a few examples, it is not clear what "the facilities above" (¶ A) are, since the defendants Mr. Robinson attempts to name for Southeastern and UNC are legal entities rather than facilities; it is not clear what an "untreated social Security disability injur[y] is" or what Mr. Robinson means when he says that Southeastern "left [him]" with those (¶ A.1); it is not clear who "they" refers to (¶ B.1, 2); which "doctors" Mr. Robinson is referring to or what he means when he says they "are holding payment" (¶ AB.1); what "the injury switch" is (¶ AB.2); and so on. More generally, Mr. Robinson fails to connect any of the allegations to any legal theory of liability.

Melvin Richard Robinson III
181 Brickton Village Cir Apt 303
Fletcher, NC 28732

He did not serve the *Complaint* or a summons on these Defendants, request that Defendants waive service, or request that the Court appoint someone to make service.[2]

Mr. Robinson filed his *Amended Complaint* (ECF 21) on October 22, 2021. Like the *Complaint*, the *Amended Complaint* is silent about Mr. Robinson's state citizenship. However, it too gives a North Carolina mailing address:

M. Richard Robinson
PO Box 6361
1800 4 Seasons Blvd Suite 11
Hendersonville, NC 28792

*Amended Complaint* 4 (ECF 21).

The *Amended Complaint* bears a line purporting to be a certificate of service, but it otherwise contains no information on Mr. Robinson's efforts to serve the *Amended Complaint*:



THIS THE DAY OCT 18 2021

Cert of Service

M.Richard Robinson III

*Amended Complaint* 3 (ECF 21).

---

[2] Before Mr. Robinson's 90-day service window had run, however, this Court dismissed the action *sua sponte* for failure to state a claim, which is probably "good cause" for Mr. Robinson's failure to serve the *Complaint* and summons (at least until the action was reinstated and Mr. Robinson was given leave to amend). For this reason, these Defendants' motion to dismiss for insufficient service of process focuses on Mr. Robinson's failure to serve these Defendants after filing his *Amended Complaint*.

On January 10, Mr. Robinson filed an *Exhibit* (ECF 24) consisting of the *Amended Complaint* and a document purporting to be a certificate of service dated January 5 (ECF 24-1).[3] The purported certificate of service states:

> This the day Jan 5 … I sent a second copy to 100 Otis St. Asheville 28801, Pardee Hospital/UNC Health Care N Justice St. Hendersonville and 21 Turtle Creek Dr. Asheville NC 28803.

*Purported Certificate of Service* (ECF 24-1) (capitalization and spacing corrected). Mr. Robinson did not include a summons or anything resembling one with the materials mailed to Pardee Hospital and received on January 10, 2022.

Mr. Robinson tried to serve the *Amended Complaint* on Southeastern by mailing a copy (without a summons or anything resembling one) to:

> Southeastern Sports Medicine
> 21 Turtle Creek Dr.
> Asheville, NC 28803

This is not the address of an officer or authorized agent of Southeastern Sports Physician Services, PLLC, or any other corporate entity.

Most recently, Mr. Robinson corresponded with the Court's administrative staff about his displeasure with the Court's handling of some of his litigation. *Letter* 1 (ECF 25) ("I hope the [people] in [the federal courthouse] rot in hell. … Fuck, fuck you, fuck you.").

---

[3] This purported certificate of service is the reason these Defendants are bringing their joint motion to dismiss under Rules 12(b)(1) and 12(b)(4) and (5) now. If Mr. Robinson had in fact served Southeastern and Pardee on January 5 and January 10, respectively, the deadline to respond would arguably be January 26 and January 31, respectively. These Defendants contend that a motion to state a claim is not currently "available to [Defendants]," Fed. R. Civ. P. 12(g), due to (a) the need to respond within 21 days to the purported certificate of service and (b) the vagueness and breadth of the federal law violations Mr. Robinson asserts. For that reason, if this motion to dismiss is denied, these Defendants request leave of court to move to dismiss under Rule 12(b)(6).

**Argument**

## I. Insufficient Service of Process

A plaintiff in federal court must serve the complaint, together with a summons, on each defendant (unless the defendants waive service). Fed. R. Civ. P. 4(c). If he fails to make service within 90 days of filing the complaint and fails to show good cause for the delay, the court must either dismiss the action or order the plaintiff to make service within a specified time. *Id.* (m).

To serve a corporate defendant in North Carolina, the plaintiff must make service under N.C.R. Civ. P. 4(j)(6).[4] This means that Mr. Robinson could have made service by:

a. Delivering the summons and complaint to an officer or managing agent or leaving a copy in his office with someone "who is apparently in charge of the office."

b. Delivering the summons and complaint to any agent authorized to accept service or by making service on such an agent under any other statute.

c. Mailing the summons and complaint, return receipt requested, to any agent authorized to accept service under provisions (a) or (b).

d. Using Fed-Ex or a similar service to send the summons and complaint to any agent authorized to accept service under provisions (a) or (b).

He did none of these, nor does the purported certificate of service allege that he did.

It has now been more than a year since Mr. Robinson filed his *Complaint*, more than six months since this Court reopened this action and granted leave to amend, and more than 90 days since Mr. Robinson filed his *Amended Complaint*. Mr. Robinson hasn't properly served the *Amended Complaint* on Defendants, and he has not even tried to serve a summons. The Court should dismiss this under Rules 12(b)(4) and (5).

---

[4] Or under Fed. R. Civ. P. 4(h)(1)(B), but that provision is substantively identical to one of the methods given in N.C.R. Civ. P. 4(j)(6)(a).

## II.     Lack of Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is "presumed that a cause lies outside this limited jurisdiction, … and the burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Id. See also* Fed. R. Civ. P. 8(a)(1). To survive a motion to dismiss, a plaintiff must allege facts that, if true, are sufficient to establish jurisdiction. *Bruce & Tanya & Associates, Inc. v. Board of Supervisors of Fairfax County, Virginia*, 355 F. Supp. 3d 386, 398 (E.D. Va. 2018). Mr. Robinson fails to do so.

### A.     Diversity Jurisdiction

Diversity jurisdiction exists if and only if (a) all plaintiffs are diverse from all defendants when the lawsuit is filed, and (b) the amount in controversy is more than $75,000. 28 U.S.C. § 1332. Mr. Robinson's *Complaint* (ECF 1) and his *Amended Complaint* (ECF 21) say nothing about the citizenship of any party. This Court might construe the mailing addresses Mr. Robinson used for himself and Defendants as allegations about their state citizenship, but those addresses are all in North Carolina and therefore show that this Court lacks diversity jurisdiction.

### B.     Federal-Question Jurisdiction

Federal-question jurisdiction is a bit more complicated, but it ultimately comes out the same way. Federal-question jurisdiction exists when a case "arises under" federal law—in other words, when "federal law creates the cause of action" or "a state-law cause of action implicates a significant federal issue." *Bauer v. Elrich*, 8 F.4th 291, 297 (4th Cir. 2021) (cleaned up).

In his *Complaint*, Mr. Robinson tried to state a claim under Title III of the Americans with Disabilities Act. *Complaint* 2 (ECF 1). On its initial review of the *Complaint*, this Court dismissed the action for failure to state a claim. *Order* (ECF 4). After the Court reopened the action and granted leave to amend, Mr. Robinson filed an *Amended*

*Complaint* (ECF 21) on a theory of negligence *per se* rather than a direct federal cause of action. Negligence (specifically, medical malpractice[5]) is a state-law cause of action, so there is no federal-question jurisdiction unless Mr. Robinson's claims "implicate[] a significant federal issue." *Bauer*, 8 F.4th at 297.

They don't. Mr. Robinson's claims flunk the "four pronged-test" for determining when a state-law claim raises a "substantial question of federal law." *Burrell v. Bayer Corporation*, 918 F.3d 372, 380 (4th Cir. 2019). Under that test, the federal question must be (1) "necessarily raised," (2) "actually disputed by the parties," (3) "important to the federal system as a whole," and (4) capable of being heard in federal court "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* (cleaned up). The federal-law questions Mr. Robinson points to are disputed, but they are not "necessarily raised" or "important to the federal system as a whole," and hearing them in federal court would "disturb[]" the "congressionally approved balance of … judicial responsibilities." That's three strikes, and just one would be fatal.

1.      **The federal law violations aren't necessary elements of Mr. Robinson's negligence claims.**

"A federal question is necessarily raised for purposes of § 1331 only if it is a necessary element of one of the well-pleaded state claims." *Burrell*, 918 F.3d at 381. The elements of a state-law medical malpractice claim are a duty to comply with the standard of practice, breach of that standard of practice, and a resulting injury. *See Da Silva v. WakeMed*, 2018 WL 3978021, at *10 (N.C. Ct. App. Aug. 21, 2018). None of these elements necessarily involves a violation of federal law: The alleged violations of federal

---

[5] Under North Carolina law, a medical malpractice action is a "civil action for damages for personal injury … arising out of the furnishing or failure to furnish professional services in the performance of … health care by a health care provider." N.C.G.S. § 90-21.11(2)(a). According to the *Amended Complaint*, Mr. Robinson seeks unspecified damages for "medical errors that left [him] with untreated concussion, spinal injury, and multiple pinch[ed] nerves … ." *Amended Complaint* 1 (ECF 21).

law are simply Mr. Robinson's *evidence* for the element of breach. *See Griggs v. Morehead Memorial Hosp.*, 82 N.C. App. 131, 133 (1986) (explaining that there is no separate cause of action for "negligence *per se*" as distinct from medical malpractice, but violation of federal law may be evidence of "a duty owed and breached").

The distinction in *Griggs* is critical. In a garden-variety negligence claim, a federal issue might be "necessarily raised" by a negligence *per se* theory if the plaintiff relies entirely on a violation of federal law and offers no evidence that the defendant's conduct was unreasonable. The violation of federal law would, in that scenario, operate as a substitute for proving state-law negligence by the usual means. *Makas v. Hillhaven, Inc.*, 589 F. Supp. 736, 741 (M.D.N.C. 1984). In medical malpractice cases under North Carolina law, however, the negligence *per se* presumption is unavailable and federal law is relevant only as evidence of the applicable standard of practice. *Griggs*, 82 N.C. App. at 133.

In other words, the standard of practice is what comparable providers "actually" do, not what they "should" do. *Johnson v. Wayne Memorial Hospital, Inc.*, 254 N.C. App. 295, 308 (2017). Because health care providers generally strive to obey the law, the law can be evidence of the actual practice among comparable providers. But it is only evidence of the standard of practice—it is not, as in a traditional negligence *per se* case, a substitute for showing duty and breach. *Hawkins v. SSC Hendersonville Operating Co., LLC*, 202 N.C. App. 707, 710–11 (2010) (holding that a violation of federal law governing nursing home care was not enough to show malpractice because there was no testimony showing that this federal law set the local standard of practice within the meaning of § 90-21.12).[6]

---

[6] By implication, the use of some law as evidence of the standard of practice doesn't present a legal question at all—that is, the court is never in a position to rule on the meaning or effect of that law. For example, suppose that it is widely believed in the healthcare industry that some law is enforceable, and providers generally follow it as a result. If it turns out that this law is unenforceable, that would simply be irrelevant to the standard of practice, and the fact of the law's existence could still be evidence of that standard of practice. Conversely, if the relevant providers

Because looking "only to the necessary elements of [Mr. Robinson's] causes of action" shows that all of those elements can exist "entirely independently of federal law" and none "requires a showing that [a defendant] violated federal law," there is no federal-question jurisdiction. *Burrell*, 918 F.3d at 382.

### 2. This case has no systemic federal importance.

Even if Mr. Robinson's claim necessarily raises a federal question, that question "also must be substantial, indicating a serious federal interest in sending the case to a federal forum." *Burrell*, 918 F.3d at 384 (cleaned up). Because Mr. Robinson "bears the burden of establishing jurisdiction," any "doubt on that score is resolved against [him]." *Id.*

A substantial question "generally will involve a pure issue of law, rather than being fact-bound and situation-specific … .'" *Burrell*, 918 F.3d at 385 (cleaned up). So "fact-intensive inquiries into [a defendant]'s compliance with certain [federal] requirements" don't fit the bill. *Id.* Mr. Robinson's allegations that Defendants violated federal law do not call the meaning of the ACA, the ADA, or the Rehabilitation Act into question—they involve alleged "medical errors" that supposedly resulted in harm to *this* plaintiff, and only this plaintiff. *Amended Complaint* 1, 2 (ECF 21). This is precisely the sort of "backward-looking" claim "limited to monetary relief for … alleged past non-compliance with federal … standards" that the Fourth Circuit rejected as a basis for federal-question jurisdiction. *Burrell*, 918 F.3d at 385.

### 3. Hearing cases like this one would upset the balance between federal and state courts.

Even if the federal laws in this case were "necessarily implicated," not merely evidence in support of Mr. Robinson's state-law claims, and even if the violations he

---

generally believe that some law is unenforceable and do not follow it as a result, then whether it is actually enforceable is irrelevant to the standard of practice.

asserts involved a "serious federal interest," not a fact-intensive inquiry best suited for state court, there *still* wouldn't be federal jurisdiction. "Garden variety state tort" actions do not qualify for federal-question jurisdiction without a showing that "Congress intended to divert a multitude of fact-intensive, state-law suits … to federal court." *Burrell*, 918 F.3d at 387. So federal-question jurisdiction for "this state-law case and the multitude of cases just like it" would not be "consistent with the congressionally approved balance of federal and state judicial responsibilities." *Id.* (cleaned up).

Mr. Robinson alleges that "medical errors" left him with "untreated concussion, spinal injury and multiple pinch[ed] nerves … ." *Amended Complaint* 1 (ECF 21). That is a garden-variety state tort action if ever there was one. Mr. Robinson implies that the medical care he received implicates federal law—well, what of it? The care provided at every hospital in the country is governed by federal law in some respects. And yet courts in this circuit (as elsewhere) have consistently held that medical malpractice actions belong in state court. *E.g.*, *Phillips v. North Carolina*, 2020 WL 2150526 (E.D.N.C. Mar. 24, 2020); *Blackstock v. Magnolia Health Care*, 2018 WL 541759 (D.S.C. Jan. 2, 2018). Conferring federal-question jurisdiction on cases like this one would upend that practice and thereby "risk enormous disruption to the division of judicial labor, with a tremendous number of cases shunted from state to federal court." *Burrell*, 918 F.3d at 387.[7]

## Conclusion

Mr. Robinson has been granted leave to amend his complaint once already. Rather than fix the original *Complaint*, he compounded its problems by creating new jurisdictional

---

[7] That risk is especially salient in North Carolina, where medical malpractice actions brought in state court are subject to a pre-filing expert review requirement, N.C.R. Civ. P. 9(j), but the same claims brought in federal court are not, *Vickers v. United States*, 2021 WL 5769991, at *10 (W.D.N.C. Dec. 6, 2021). Declaring that state-law malpractice actions can be brought in federal court under federal-question jurisdiction as long as the plaintiff can identify a federal-law hook for negligence *per se* would make federal court an enormously attractive venue for medical malpractice plaintiffs.

ones. The *Amended Complaint* (which he still hasn't served) shows that there is no diversity jurisdiction or federal-question jurisdiction.

This Court gives *pro se* litigants great latitude, and rightly so. But there must be a limit. Wherever the line is, Mr. Robinson is well past it. *E.g.*, *Letter* (ECF 25).

This the 31st day of January, 2022.

| Roberts & Stevens, PA | HUFF POWELL & BAILEY, PLLC |
|---|---|
| /s/ David Hawisher | /s/ Joshua Hiller |
| Phillip T. Jackson (NC #21134) | Pankaj K. Shere (NC Bar No. 30675) |
| pjackson@roberts-stevens.com | Joshua M. Hiller (NC Bar No. 39010) |
| David C. Hawisher (NC #55502) | 3737 Glenwood Ave., Ste. 370 |
| dhawisher@roberts-stevens.com | Raleigh, NC 27612-5505 |
| PO Box 7647 | 984-238-2380 |
| Asheville, NC 28802 | pkshere@huffpowellbailey.com |
| (828) 252-6600 | jhiller@huffpowellbailey.com |
| *Counsel for Defendant Southeastern* | *Counsel for Henderson County Hospital Corporation d/b/a Pardee Hospital* |

— 11 —

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document using the CM/ECF system, which automatically serves all counsel of record. I also certify that on this date, I served this document on all non-CM/ECF participants by depositing a copy, postage paid, in a USPS depository, properly addressed as listed below. [8]

Melvin Richard Robinson, III
2911 Frontier Dr.
Titusville, FL 32796
*Plaintiff Pro Se*

This the 31st day of January, 2022

BY:  /s/ Joshua M. Hiller
     Joshua M. Hiller

---

[8] Based on the discrepancies in Plaintiff's complaints, the lack of any suggestion by Plaintiff that he served "UNC Health System," and the lack of clarity about which UNC entity is involved, these Defendants have not served this filing on any UNC entity.