# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-372-MOC-WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| vs. ) | |
| ) | |
| PARDEE UNC HEALTHCARE, et al., ) | **ORDER** |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on an Amended Joint Motion to Dismiss, filed by Defendants Henderson County Hospital Corporation d/b/a Pardee Hospital and Southeastern Sports Physician Services, PLLC. (Doc. No. 35). Defendants have filed their motion to dismiss under Rules 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5). Alternatively, Defendants move for a more definite statement.

**I.     PROCEDURAL BACKGROUND**

Plaintiff initially filed this action on December 14, 2020, alleging a violation under Title III of the Americans with Disabilities Act (ADA) against Defendants. (Doc. No. 1). This Court dismissed the action without prejudice for failure to state a claim on January 11, 2021. (Doc. No. 4). Plaintiff appealed. By order dated May 3, 2021, the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal and remanded to this Court, with instructions to allow Plaintiff to amend his Complaint.

Plaintiff filed his Amended Complaint on October 22, 2021. In his Amended Complaint, Plaintiff purports to bring various claims against Defendants: "negligence per se communication; medical errors that left me with untreated concussion, spinal injury, and multiple pinched nerves

1

during this pandemic do [sic] to communication errors with my support person or car accident law firm." The Amended Complaint also asserts the following purported claims: "1. Negligence per se; ADA Title III communication: Emotional Distress 2. Negligence per se; Rehabilitation Act 1973 section 504: Emotional distress 3. Negligence per se, Section 1557 Communication Affordable care act." (Doc. No. 21 at 1). Aside from naming various federal laws, the Complaint contains no factual allegations alleging claims under these laws.

## II. STANDARD OF REVIEW

Defendants have moved to dismiss for insufficient process and insufficient service of process, pursuant to Rules 12(b)(1), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. According to Defendants, Plaintiff has not properly served them; thus, this Court lacks personal jurisdiction over Defendants. Defendants further contend that the Court lacks subject matter jurisdiction over Defendants because both diversity of citizenship and federal question jurisdiction are lacking.

### A. Subject Matter Jurisdiction under Rule 12(b)(1)

A defendant who challenges federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is arguing that the allegations set forth in a complaint are insufficient to confer jurisdiction upon a federal court. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). The determination of subject matter jurisdiction must be made at the outset before any determination on the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 91 (1998). "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). If the plaintiff cannot overcome this burden, the claim must be dismissed. Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005)

## B. Personal Jurisdiction under Rule 12(b)(1)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process." Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004, Supp. 2016); see Archie v. Booker, DKC-14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015).

Failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); FDIC v. Schaffer, 731 F.2d 1134, 1135–36 (4th Cir. 1984). And, a pro se litigant must adhere to the Federal Rules of Civil Procedure. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993); Hansan v. Fairfax Cty. Sch. Bd., 405 Fed. App'x 793, 794 (4th Cir. 2010) (per curiam); Danik v. Hous. Auth. of Balt. City, 396 Fed. App'x 15, 16–17 (4th Cir. 2010) (per curiam).

"Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006); see Baylor v. Wegman's Food Market Inc., WDQ-14-3330, 2015 WL 4396609, at *1 (D. Md. July 16, 2015). Thus, Plaintiff bears the burden of showing that service has been properly

3

effected. See Scott v. Md. State Dep't of Labor, 673 Fed. App'x 299, 304 (4th Cir. 2016) (per curiam).

**III.    DISCUSSION**

**A.  Insufficient Service of Process**

Plaintiff filed his Amended Complaint on October 22, 2021, naming as Defendants Henderson County Hospital Corporation d/b/a Pardee Hospital and Southeastern Sports Physician Services, PLLC. The Amended Complaint bears a line purporting to be a certificate of service, but it otherwise contains no information on Plaintiff's efforts to serve the Amended Complaint on Defendants. On January 10, 2022, Plaintiff filed an Exhibit consisting of the Amended Complaint and a document purporting to be a certificate of service dated January 5. (Doc. No. 24, 24-1). The purported certificate of service states:

> This the day Jan 5 … I sent a second copy to 100 Otis St. Asheville 28801, Pardee Hospital/UNC Health Care N Justice St. Hendersonville and 21 Turtle Creek Dr. Asheville NC 28803.

(Doc. No. 24-1). Plaintiff did not include a summons or anything resembling one with the materials mailed to Pardee Hospital and received on January 10, 2022.

Plaintiff tried to serve the Amended Complaint on Southeastern by mailing a copy (without a summons or anything resembling one) to: Southeastern Sports Medicine 21 Turtle Creek Dr. Asheville, NC 28803. This is not the address of an officer or authorized agent of Southeastern Sports Physician Services, PLLC, or any other corporate entity.

A plaintiff in federal court must serve the complaint, together with a summons, on each defendant (unless the defendants waive service). FED. R. CIV. P. 4(c). If he fails to make service within 90 days of filing the complaint and fails to show good cause for the delay, the court must either dismiss the action or order the plaintiff to make service within a specified time. FED. R.

4

CIV. P. 4(m). Rule 4(e)(1) adopts the service requirements of state law "where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In turn, Rule 4(j)(6) of the North Carolina Rules of Civil Procedure sets forth the manner in which a party must serve process on a corporation. N.C. R. CIV. P. 4(j)(6). Rule N.C. R. CIV. P. 4(j)(6) provides for service upon a domestic or foreign corporation, as follows:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

Plaintiff has not served Defendants by any of these above methods, nor does the purported certificate of service allege that he did. It has now been more than a year since Plaintiff filed his Complaint, more than six months since this Court reopened this action and granted leave to amend, and more than 90 days since Plaintiff filed his Amended Complaint. Plaintiff has not properly served the Amended Complaint on Defendants, and he has not even tried to serve a summons. Therefore, the Court will dismiss this action under Rules 12(b)(1), 12(b)(4) and (5).

### B. Lack of Subject Matter Jurisdiction

Alternatively, this Court lacks subject matter jurisdiction because neither diversity of citizenship nor federal question jurisdiction exists in this case. Federal courts have limited subject matter jurisdiction under the Constitution and federal statutes. Kokkonen v. Guardian

5

Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have subject matter jurisdiction over two categories of cases: those that arise under federal law and those in which there is an amount in controversy over $75,000 and the parties have completely diverse citizenship. 28 U.S.C. §§ 1331, 1332(a); Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists if and only if (a) all plaintiffs are diverse from all defendants when the lawsuit is filed, and (b) the amount in controversy is more than $75,000. 28 U.S.C. § 1332. Plaintiff's Amended Complaint says nothing about the citizenship of any party. This Court may construe the mailing addresses Plaintiff used for himself and Defendants as allegations about their state citizenship. Those addresses are all in North Carolina; therefore, this Court lacks diversity jurisdiction.

Because Plaintiff has not shown that diversity jurisdiction exists, this Court lacks subject matter jurisdiction to hear this case unless federal-question jurisdiction exists. Federal question jurisdiction exists when a case "arises under" federal law—in other words, when "federal law creates the cause of action" or "a state-law cause of action implicates a significant federal issue." Bauer v. Elrich, 8 F.4th 291, 297 (4th Cir. 2021).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Borden v. Allstate Ins. Co., 589 F.3d 168, 172 (5th Cir. 2009) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" In re Hot-Hed

6

Inc., 477 F.3d 320, 323 (5th Cir. 2007) (quoting Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)).

In his original Complaint, Plaintiff purported to state a claim under Title III of the Americans with Disabilities Act based on a "communication violation." Plaintiff sought

> 20 million dollars for switching my injuries in violation of title 3 ADA; communications by not letting my law firm know of the major injury changes when I have concussion syndrome. I've lost over 20 years of Medicare services and my Social Security retirement is destroyed due to the doctors changing my injuries without using the proper chain of communication according to title 3 of the ADA; communication. The pain and suffering and the psychological damage from the emotional abuse is included in the 20 million, along with the destruction of my reputation.

(Doc. No. 1 at 2). On its initial review of the Complaint, this Court dismissed the action for failure to state a claim. After the Court reopened the action and granted leave to amend, Plaintiff filed an Amended Complaint on a theory of "negligence per se." Although the Amended Complaint cites to the "ADA," the "Rehabilitation Act 1973," and the "Section 1557 Communication Affordable care act," Plaintiff alleges no facts whatsoever to support claims under any of these federal statutes. Merely citing a federal law does not itself confer federal question jurisdiction. See, e.g., Borders v. La. Citizens Prop. Ins. Co., Civ. A. No. 07-5399, 2017 WL 3334323, at *2 (E.D. La. Nov. 8, 2007) (observing that a reference "made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction").

Under North Carolina law, a medical malpractice action is a "civil action for damages for personal injury … arising out of the furnishing or failure to furnish professional services in the performance of … health care by a health care provider." N.C. GEN. STAT. § 90-21.11(2)(a). According to the Amended Complaint, Plaintiff seeks unspecified damages for "medical errors that left [him] with untreated concussion, spinal injury, and multiple pinch[ed] nerves … ." (Doc. No. 21). That is a garden-variety state tort action for medical malpractice. E.g., Phillips v. North

7

Carolina, 5:19cv111, 2020 WL 2150526 (E.D.N.C. Mar. 24, 2020); Blackstock v. Magnolia Health Care, 4:17cv3068, 2018 WL 541759 (D.S.C. Jan. 2, 2018). Furthermore, as Defendants note, Plaintiff's claims do not raise a "substantial question of federal law" sufficient to confer federal jurisdiction. Burrell v. Bayer Corp., 918 F.3d 372, 380 (4th Cir. 2019). Because looking "only to the necessary elements of [Plaintiff's] causes of action" shows that all of those elements can exist "entirely independently of federal law" and none "requires a showing that [a defendant] violated federal law," there is no federal-question jurisdiction. Burrell, 918 F.3d at 382.

In sum, in addition to dismissing this action for insufficient service of process, the Court alternatively dismisses this action for lack of subject matter jurisdiction.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Joint Motion to Dismiss, filed by Defendants Henderson County Hospital Corporation d/b/a Pardee Hospital and Southeastern Sports Physician Services, PLLC. (Doc. No. 35), is **GRANTED**.

2. This matter is dismissed without prejudice.

Signed: March 17, 2022

Max O. Cogburn Jr.
United States District Judge

---

[1] Because the Court dismisses Plaintiff's claims on these grounds, the Court does not address Defendants' alternative motion for a more definite statement.